United States District Court
Southern District of Texas
**ENTERED**
September 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| RICARDO FLORES GARCIA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00136 |
| | § | |
| SIEMENS HEALTHINEERS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before me is Defendant's Rule 12(b)(6) Motion to Dismiss. Dkt. 15. After reviewing the operative complaint, the motion to dismiss briefing, and the applicable law, I recommend that the motion be granted in part and denied in part.

**FACTUAL BACKGROUND**

This is an employment discrimination case. On April 22, 2026, Plaintiff Richard F. Garcia, representing himself, filed suit against Defendant Siemens Medical Solutions, USA, Inc. (incorrectly identified as "Siemens Healthineers"). Less than a week later, on April 27, 2026, Garcia filed an Amended Employment Discrimination Complaint.[1] The amended complaint is a pre-printed form, which allows the signer to check boxes and fill in blanks. Garcia includes the following factual allegations in his amended complaint:

- "This action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination." Dkt. 10 at 1.
- Garcia filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 12, 2025. *See id.*
- On January 26, 2026, Garcia received a right-to-sue letter from the EEOC. *See id.*

[1] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Because Garcia's amended complaint does not adopt or incorporate by reference the original complaint, I will consider only the amended complaint.

- Garcia was discriminated against based on his “race.” *Id.* at 2.
- Siemens “made it difficult [for Garcia] to successfully do [his] job.” *Id.*
- From “June 2021 – May 2021,” Siemens “[d]enied Clinical Apps. Special to do my Job – my Colleagues all had dedicate[d] Clinical Apps.” *Id.*
- Garcia was “[d]enied original position of Cardiac Sales Rep Given to Ken Peake 7/2024.” *Id.*
- Garcia seeks “pay for Lost Wages Back & Front Pay.” *Id.*

Garcia states in the amended complaint that a copy of the May 12, 2025, EEOC charge is attached to the lawsuit. *See* Dkt. 10 at 1. While Garcia may have intended to include the EEOC charge as an exhibit in support of his claims, the EEOC charge is not attached to the amended complaint. *See id.* Siemens has, however, attached a copy of the EEOC charge to its motion to dismiss.[2] *See* Dkt. 15-1. The EEOC charge contains the following factual allegations:

> [Siemens] hired me on October 21, 2019; in the role of Cardiac Ultrasound Sales Representative (remote position). I have been treated with different terms and conditions of employment by the management personnel. As I am not allocated the same resources to be successful in my sales territory. My sales teammates have a clinical application specialist dedicated to their sales territory (mostly white teammates). This clinical applications specialist plays a vital role in sales success and is a standard paradigm for ultrasound vendors: It is essential for salesperson to have a local clinical applications specialist teammate in order to meet the basic requirements of the sales position. I have been without a local clinical applications specialist for four years. Because of this lack of this support, my wages have drastically dropped in the form of commissions.
>
> The discrimination and retaliation began June of 2021 and originated when the clinical application specialist manager, Jennifer Prewitt, who is responsible for hiring the clinical applications specialist in my territory, said she cannot find a qualified person.

[2] At the motion to dismiss stage, a district court may consider “documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to [his] claim.” *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (cleaned up). The EEOC charge is such a document.

> Meanwhile, within the same four-year period, my North Texas counterpart Ken Peake has had clinical application specialists hired on three separate occasions when positions were vacated.
>
> On or around March 2020, [Siemens] restructured sales positions . . . to include cardiac and general ultrasound. Last fall 2024, the cardiac focused sales position became available I asked for my original position back, but it was assigned to a similarly situated coworker Ken Peak.
>
> In November 2024, I complained to Mr. Jeffery LaRoy, Supervisor, via phone and text[,] on or about November 2024, that I believed I was being racially discriminated against; Mr. Laroy called Ms. Janet Rynell, Human Resources Representative about my concern on being discriminated upon. Ms. Rynell contacted me on or about November 5, 2024, informing me that Jeffery contacted her regarding mistreatment due to my race and scheduled a virtual teleconference with me. Because I had not heard anything back from Ms. Rynell, I reached out to Mr. Steven Durant, Human Resources Representative.
>
> On February 3, 2025; Mr. Durant informed me that Ms. Rynell was on leave and would return in a couple of days. On Feb 10th two senior Siemens HR representatives contacted me[:] Mandy Flick and Kim Vogel. I explained the entire situation to them both. On a second call, February 26, 2025, with Kim Vogel and Mandy Flick, I was informed that the company investigated my claim and concluded that other Hispanics were working in the western territory, so[]my claims were discredited. [Siemens] has made it difficult for me to succeed or even meet the minimum sale quota responsibility. The company's actions, which have made it difficult for me to succeed, and are unfair. This unfair treatment, along with the company's decision to award a position to a white, similarly situated co-worker, has led me with no choice but to resign.
>
> I believe that I have been discriminated against based on my national origin Hispanic, and in retaliation after complaining to management and human resources in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. 15-1 at 2–3.

Siemens has moved to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Dkt. 15.

## LEGAL STANDARD

Under Rule 12(b)(6), a defendant is entitled to dismissal when the plaintiff fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation omitted).

In reviewing a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (quotation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). "Liberal construction is afforded to *pro se* litigants to serve as a shield, in line with the 'congressional goal of assuring equality of consideration for all litigants' behind the federal *in forma pauperis* statute." *Carmouche v. Hooper*, 77 F.4th 362, 368 (5th Cir. 2023) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). Although pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## ANALYSIS

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To survive a motion to dismiss on a Title VII discrimination claim, a plaintiff must "plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make their case plausible." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (cleaned up). "There are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* [his] protected status." *Id.* at 767 (cleaned up). While Garcia need not make out a prima facie case of discrimination at the motion to dismiss stage, he must plead facts that make it plausible he suffered the adverse employment action because of his race. *See id.* at 766–67.

As to the first element—an adverse employment action—a Title VII plaintiff "need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment." *Hamilton v. Dallas County*, 79 F.4th 494, 502–03 (5th Cir. 2023) (quoting 42 U.S.C. § 2000e-2(a)(1)). Important here, "[a]n employee's constructive discharge reflects adverse employment action." *Liedtke v. City of Austin*, 185 F.4th 560, 583 (5th Cir. 2026). "A constructive discharge occurs when *the employer* makes working conditions so intolerable that a reasonable employee would feel compelled to resign." *Garcia-Ascanio v. Spring Indep. Sch. Dist.*, 74 F.4th 305, 311 (5th Cir. 2023) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007)). In his EEOC charge, which is considered part of his live pleading, Garcia alleges that he felt compelled to resign due to Siemens's awarding a sales position to a white, similarly situated co-worker and treating him unfairly because of his race. At this initial pleading stage, these allegations are sufficient—barely—to adequately plead an adverse employment action, especially when I consider Garcia's pro se status.

Turning to the second element, Garcia must allege that Siemens discriminated against him *because of* his race. *See Raj v. La. State Univ.*, 714 F.3d

322, 331 (5th Cir. 2023). Focusing solely on the language in the amended complaint, Siemens insists that Garcia has failed to adequately allege a Title VII claim under Rule 12(b)(6). Siemens might have a point if I limited my analysis to Garcia's two-page amended complaint. But I cannot do that. I must also consider the EEOC charge, which has been incorporated into the live pleading and provides much more detail concerning Garcia's discrimination claim. In the EEOC charge, Garcia alleges that he is Hispanic and that the company denied him a sales position, which he had held previously. The job opportunity reportedly went to Ken Peake, a white male, whom Garcia refers to as his "North Texas counterpart." Dkt. 15-1 at 2. As a result of this—and being denied the support required to be successful in his territory—Garcia contends that he felt compelled to resign. Liberally construing the operative complaint, as I must, I conclude that Garcia has plausibly alleged that he suffered an adverse employment action "*because* of [his] protected status." *Cicalese*, 924 F.3d at 767 (quoting *Raj*, 714 F.3d at 331).

Although I find that Garcia has stated a Title VII claim, I do need to address Siemens's argument that claims based on events arising before November 13, 2024, are time-barred. In the Fifth Circuit, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Garcia alleges in the amended complaint that he was discriminated against from June 2021 to May 2025. *See* Dkt. 10 at 2. In Texas, because there is a state agency with the authority to grant or seek relief for discriminatory employment practices, to maintain a Title VII claim, a plaintiff must file his charge of discrimination with the EEOC within "three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Given that Garcia filed his EEOC charge on May 12, 2025, a claim based on conduct predating November 13, 2024, is untimely. *See Horne v. Tex. Specialty Physicians*, No. 6:24-CV-130, 2024 WL 4882652, at *3 (E.D. Tex. Nov. 24, 2024) (holding that "any claims based on conduct that occurred more than 300 days before" the filing of an

EEOC charge are time-barred). I thus recommend that Siemens's motion to dismiss be granted to the extent Garcia's claim is based on conduct occurring before November 13, 2024.

**CONCLUSION**

For the reasons discussed above, I recommend that Siemens's motion to dismiss (Dkt. 15) be granted in part and denied in part. Garcia shall be allowed to proceed with his Title VII claim, but only with respect to discrete events occurring after November 13, 2024.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 18th day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE