United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| RICARDO FLORES GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | No. 3:26-cv-136 |
| | § | |
| SIEMENS HEALTHINEERS, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S AMENDED MEMORANDUM AND RECOMMENDATION

On September 4, 2026, all pretrial matters were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 25. Judge Edison filed an Amended Memorandum and Recommendation on October 2, 2026, recommending that Defendant Siemens Healthineers' Motion to Dismiss For Failure to State a Claim (Dkt. 15) be granted in part and denied in part. *See* Dkt. 35. Specifically, Judge Edison recommended that Garcia be permitted to proceed with his Title VII discrimination claim, but only with respect to discrete events occurring after July 16, 2024.

On October 14, 2026, Plaintiff Ricardo Garcia filed a limited objections and a request for clarification to Judge Edison's Amended Memorandum and Recommendation. *See* Dkt. 36. Garcia does not object to Judge Edison's

finding that he should only be allowed to proceed with his Title VII claim for discrete events occurring after July 16, 2024. Instead, Garcia argues that he should be permitted to obtain through discovery and introduce at trial background evidence concerning his work performance and Clinical Applications Specialist support in 2021. Garcia also requests clarification that the July 16, 2024 cutoff date does not foreclose discovery of records concerning Siemens's decision to select a white co-worker to a Cardiology Ultrasound Sales Position. These issues raised by Garcia need not be decided at this time. They are best handled through pre-trial discovery rulings and evidentiary rulings made at trial.

On October 16, 2026, Defendant Siemens Healthineers filed objections to Judge Edison's Amended Memorandum and Recommendation. *See* Dkt. 37. Siemens's objections re-urge the Amended Complaint's alleged failure to state a claim, including a retaliation claim. *See id.*

In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

It is therefore ordered that:

(1) Judge Edison's Amended Memorandum and Recommendation (Dkt. 35) is approved and adopted in its entirety as the holding of the court;

(2) Siemens Healthineers' Motion to Dismiss for Failure to State a Claim (Dkt. 15) is granted in part and denied in part. Garcia is allowed to proceed with his Title VII discrimination claim, but only with respect to discrete events occurring after July 16, 2024; and

(3) Garcia is granted leave to file a Second Amended Complaint by November 3, 2026, to add more detailed factual allegations and/or additional claims for relief. Note: The Court construes Garcia's Amended Complaint as raising only an employment discrimination claim under Title VII.

SIGNED on Galveston Island this 26th day of October, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE